BENJAMIN KAUFMAN, Respondent, *v.* SIMONS MOTOR SALES Co., INC., Appellant.*

First Department, July 1, 1932.

*Walter G. Schelker, Jr.*, of counsel [*Dills, Muecke & Schelker*, attorneys], for the appellant.

*Abraham Miller*, for the respondent.

MARTIN, J.   By this action in conversion the plaintiff seeks to recover $1,000, the value of a Chrysler automobile which belonged to him.   The answer of the defendant is a general denial.

In the Municipal Court the plaintiff testified that he purchased the automobile from the defendant; that immediately thereafter he found he had trouble with the tires and he brought the car back to the salesroom of the defendant on Bedford avenue, Brooklyn; that he spoke to the salesman who had sold the car to him of the trouble he was having with the tires, telling him that they became deflated while the car was stationary.   The salesman advised plaintiff to try to operate the car again.

The plaintiff further testified that he again went to the salesman and told him that he was still having the same trouble with the tires, whereupon plaintiff was told to take the car to the defendant's service station at Bedford avenue and President street; that after that talk the plaintiff took the car to the service station and left it with the man in charge; that he was told to come back in two or three days and that the tires would be replaced.   The plaintiff returned three days later and demanded the car, but the man in charge of the service station told him that the car had been given to the commercial credit company.   The plaintiff asked him what right he had to turn his car over to the commercial credit company and the man in charge replied that he had been advised by defendant to do so.   The plaintiff never thereafter obtained possession of the car or received its value.   He had paid to the defendant $327 when he purchased the car, and he paid the commercial credit corporation $195 after the car was taken, following a sale of same and a deficiency which resulted.

The witness Louis Rosenberg, who was with the plaintiff when he went to the defendant's place of business and purchased the car, corroborated the plaintiff's testimony.

Edward C. Hallam, who sold the car to the plaintiff, and Austin Beam, who made out the conditional sales contract for the defendant when the car was sold, testified on behalf of the defendant. The witness Hallam stated that he did not tell the plaintiff that if the car was left at the service station he would not have to worry about the notes that were to become due, or that the witness would have the tires replaced on the car. He admitted he sold the car. The witness Beam said that the car was one week old from the date of shipment to the time the defendant sold it to the plaintiff. That was substantially all the evidence produced by the defendant.

The Municipal Court entered judgment in favor of the plaintiff in the sum of $632, and defendant moved for a new trial, which motion was denied. An appeal was taken to the Appellate Term which affirmed the judgment of the Municipal Court.

The plaintiff established a good cause of action in conversion, and the defendant having failed to renew a motion to dismiss the complaint at the end of the whole case, left only a question of fact to be determined. There was no effort to comply with the Uniform Conditional Sales Act and no effort made to prove that there was a default which gave any one the right to sell the car. All that was shown here is that this man left his car with the defendant corporation to have repairs made, and when he returned to take his car, it was missing. At that time he was told by one of the employees or agents of the defendant that an officer of the defendant corporation had instructed him to turn the car over to a credit company, and that he could do nothing about it. Such an exercise of dominion and control over this car was a conversion. (*Debobes* v. *Butterly*, 210 App. Div. 50; *Mahaney* v. *Walsh*, 16 id. 601, 604.)

If there had been a default in the payment on the notes, the car could not be taken by force. It would be necessary under such circumstances to abide by the terms of the contract and dispose of the car in conformity with the statute providing for the retaking or sale of a car where there is a default in payment.

The Personal Property Law, sections 77 and 78 (added by Laws of 1922, chap. 642), set forth the procedure to be followed with respect to the retaking, redemption or sale in accordance with the provisions of the Uniform Conditional Sales Act.

In the case of *United States Taxi Corporation* v. *Mogul Finance Corp.* (232 App. Div. 370) this court reversed a judgment dismissing the complaint in an action to recover twenty-five per cent of the amount paid on the purchase price of taxicabs, as liquidated

damages, because of the failure of the defendant to comply with the provisions of the Personal Property Law in that after repossession the taxicabs were never stored and were not sold at public auction until more than thirty days after repossession.

At page 373 the court said: " On the argument it was admitted that there was a failure to comply with the provisions of the Uniform Conditional Sales Act. Irrespective of such admission the record discloses that there was a failure to comply therewith. (*Manhattan Taxi Service Corp.* v. *Checker Cab Mfg. Corp.*, 253 N. Y. 455.) * * *.

" Evidence of waiver is not alone absent, but the documentary proof conclusively establishes an intention not to waive. The finding of compliance with the Uniform Conditional Sales Act or a waiver of the terms thereof cannot be sustained on the record before us. The facts clearly indicate that there was neither a compliance nor a waiver."

The defendant was liable, and plaintiff is entitled to recover the value of the car. He appears to be satisfied with the recovery made in this case, which appears to be less than the value of the car.

The determination should be affirmed, with costs.

MERRELL and McAVOY, JJ., concur; FINCH, P. J., and O'MALLEY, J., dissent and vote for reversal.

O'MALLEY, J. (dissenting). It stands conceded upon the record that when the plaintiff delivered the automobile to the defendant the conditional bill of sale under which it had been purchased had been assigned to the commercial credit corporation; and that, when the car was delivered to the defendant, the plaintiff was in default on two prior monthly payments under the conditional bill of sale.

It is further undisputed that the car was repossessed by the commercial credit corporation upon demand made upon this defendant and that thereafter, in settlement of an action brought for a deficiency arising after a sale, the plaintiff paid the commercial credit corporation the sum of $195.

Under these circumstances I am of opinion that no conversion was made out against the defendant. There was clearly no conversion in the *cepit*. As to the *detinet*, the defendant proved an absolute defense. Title to the automobile was never in the plaintiff. At the times in question title was in the commercial credit corporation. Because of plaintiff's default in payments, the right of possession by recapture was likewise in such corporation.

The plaintiff proved no violation of the Uniform Conditional Sales Act. On the contrary, he showed that the taking even by the commercial credit corporation was proper, for he paid by way

of settlement the claim for a deficiency. The *cepit* having been legal on the part of the defendant, it was not liable on the theory of a wrongful taking. It was not liable for a wrongful *detinet*, since it proved that it failed to deliver possession upon demand to the plaintiff through no fault of its own. Possession could not be given to the plaintiff because it had been rightfully given to a third party who had, as against the plaintiff, not only title, but the right to possession. By a refusal to surrender to the commercial credit corporation the defendant might well have subjected itself to an action in conversion by its assignee.

I, therefore, dissent and vote for reversal.

FINCH, P. J., concurs.

Determination affirmed, with costs and disbursements.